UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION

| | | |
|---|---|---|
| **ROSE SMITH AND GORDON SMITH** | * | DOCKET NO.  22-cv-635 |
| **VERSUS** | | |
| | * | JUDGE |
| **DEANTHONY C. BLAKE STOCKSTILL TRUCKING, INC. AND SENTRY SELECT INSURANCE COMPANY** | * | MAGISTRATE |

*************************************************************************************

## NOTICE OF REMOVAL

**TO:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA, BATON ROUGE DIVISION:**

Sentry Select Insurance Company ("Sentry"), De'Anthony C. Blake and Stockstill Trucking, Inc., Defendants in the above captioned case, appearing herein through undersigned counsel, with full reservation of all defenses, objections, and rights, respectfully represent the following:

1.

On April 28, 2022, a Petition for Damages was filed by Rose Smith and Gordon Smith, in the 18th Judicial District Court for the Parish of West Baton Rouge, bearing Docket No. 1047410 Sec B.  A copy of the Petition for Damages filed in the 18th Judicial District Court, along with other pertinent state court pleadings, is attached *in globo* to the Notice of Filing and Certificate of Removing Defendants, as "Exhibit #1".

## **FEDERAL JURISDICTION**

### **Removal Pursuant to 28 U.S.C. §1332**

2.

This civil action is a matter over which this Court has original jurisdiction by virtue of Diversity of Citizenship (28 USC §1332) and is one which may be removed to this Court under the provisions of 28 USC §1441 et seq., in that it is a civil action wherein diversity of citizenship exists between the plaintiffs and all properly joined defendants, with the requisite amount in controversy being present for the claims of the plaintiffs.

### **Complete Diversity Exists as to All Parties**

3.

According to the Petition, both Rose and Gordon Smith, the named plaintiffs, are domiciled in East Baton Rouge Parish and are citizens of the State of Louisiana.

4.

Defendant Sentry Select Insurance Company is a corporate entity of the State of Wisconsin, where it is both incorporated and maintains its principal place of business. Sentry was served with the state court Petition through the Louisiana Secretary of State's office on May 4, 2022.

5.

Defendant Stockstill Trucking, Inc. is a corporation formed under the laws of the State of Mississippi and which maintains its principal place of business in Purvis, Mississippi. Service of the state court suit on Stockstill Trucking, Inc was made via the Louisiana long-arm statute on May 5, 2022.

6.

Defendant De'Anthony C. Blake is a citizen of the State of Mississippi, where he has permanently resided for many years, and where he intends to remain. The Petition requests that service be made to Mr. Blake via the Louisiana Long-arm statute, La. R. S. 13:3201 et. seq., and service was made on May 5, 2022.

**The Requisite Amount in Controversy Is Established**

7.

Upon information and belief, and without making any stipulation as to the amount of any provable damages, these defendants aver that the "amount in controversy" in this dispute is in excess of $75,000.00. First, it should be noted the Plaintiffs did not assert in their Petition any lack of jurisdiction of the federal courts due to insufficiency of damages, as is specifically provided for in Article 893A(1) of the Louisiana Code of Civil Procedure. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000) (citing Louisiana Code of Civil Procedure article 893, which explicitly precludes alleging an amount in controversy, but **requires** plaintiffs to provide whether a federal amount in controversy is satisfied).

The United States Court of Appeals for the Fifth Circuit has held that "[w]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds" the jurisdictional amount. Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 638-39 (5th Cir. 2003) (citing De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993). This burden may be fulfilled in two ways. First, jurisdiction is proper if "it is facially apparent" from the plaintiff's complaint that her "claims are likely above [$75,000]." Allen v. R & H Oil and Gas, 63 F.3d 1326, 1335. Second, if the value of the claims is not

apparent, the defendant "may support federal jurisdiction by setting forth the facts—[either] in the removal petition [or] by affidavit—that support a finding of the requisite amount." Id.

8.

The amount in controversy in this case exceeds the jurisdictional amount since Defendants are "setting forth facts in controversy and in the removal petition with "other paper" and with summary-judgment type evidence that support a finding of the requisite amount." Drill Cuttings Disposal Co. L.L.C. v. Chesapeake Operating, Inc., 2012 WL 399247, at *1 (W.D. La. Feb. 7, 2012) citing Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir.1999).

9.

It is not facially apparent from the petition itself as to whether or not the requisite amount in controversy is present. The Smiths' state court petition merely alleged boiler plate language as to the injuries and damages suffered by each of them, but without specifying the value of those damages relative to the diversity of citizenship threshold.

10.

28 U.S.C. § 1446(b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Derouen v. Anco Insulations, Inc. (M.D. La. 2021)

11.

After service of the state court petition, the Defendants then submitted an Answer in state court and also propounded Interrogatories and Requests for Production on June 15, 2022.  Plaintiff's counsel then served responses to discovery via an email sent on August 17, 2022 in which Plaintiffs' counsel, for the first time, provided post-accident medical records and bills to undersigned counsel via email. Please see said email attached as Exhibit #2.  The Smiths' Answers to Interrogatories are attached as Exhibit #3.  The Response to Request for Production is attached as Exhibit #4.  We note that although the discovery responses reflect a date of August 16, 2022 on the certificate of service, the information was not actually provided to the defense until emailed to undersigned counsel on August 17, 2022.  This notice of removal is being filed within 30 days of both dates.

12.

It was only after reviewing and analyzing the medical records of Rose Smith that defendants were able to ascertain that the state court suit is removable to federal court as her damages claims presents the requisite amount in controversy for diversity jurisdiction purposes.

13.

It remains unclear as to whether or not the claim for damages of the plaintiff Gordon Smith do (or do not) present the requisite amount in controversy.  However, this Court has supplemental jurisdiction over the claims of Gordon Smith since his claims arise from the same accident as that of Rose Smith (over which the requisite amount in controversy is present).  28 USC 1367(a).

5

14.

The email of August 17, 2022 from plaintiff's counsel included a drop box link that included 454 pages of medical information in electronic format. In lieu of submitting the entirety of the 454 pages, we have identified specific medical records on Ms. Smith which more than establish the requisite amount in controversy. These medical records are submitted and identified as separate exhibits for the Court's easy reference. The Bates Number references in each of the documents is taken from the identification assigned by plaintiff's counsel in his discovery responses. As set forth in greater detail below the defense herein is accordingly "setting forth facts in controversy, with summary-judgment type evidence that support a finding of the requisite amount." Drill Cuttings Disposal Co. L.L.C. v. Chesapeake Operating, Inc., 2012 WL 399247, at *1 (W.D. La. Feb. 7, 2012) citing Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir.1999).

While the Defendants herein do not concede any facts pertaining to the nature, extent and causation of injuries, the medical records supplied on August 17, 2022 indicate the following items of evidence upon which the removal of Ms. Smith's case is premised.

In short, the medical records indicate that Ms. Smith is claiming injury and/or aggravation in her cervical spine, hip, and lumbar spine. In her cervical spine specifically, the records indicate that surgery will be an option for her if conservative treatment does not work. Ms. Smith has also expressed concern, and has had a diagnostic work up, for a possible worsening or adverse effect upon a prior brain abnormality, which her physicians term "new symptoms related to thalmic pain syndrome."

The medical bills thus far provided on the claim of Ms. Rose Smith are in the amount of $29,124.06. These medical bills are attached as Exhibit #5.

To provide further specific detail contained with the 454 pages of medical records which were produced with the Response to Request for Production of documents, the plaintiff Rose Smith presented on 4/29/21, at Baton Rouge General Medical Center, with complaints of headaches and neck pain. [Exhibit #6—BRG 000040-BRG 000042] She returned to Baton Rouge General on the following day, 4/30/21, this time in a wheelchair, with complaints that she was having trouble walking and with left-sided weakness. [Exhibit #7—BRG 000006-BRG 000012] Ms. Smith expressed concern that the subject accident had adversely affected a brain abnormality/"brain bleed" problem. She had brain CT scans on 4/29/21 and 4/30/21. [Exhibit #8—BRG 000050-BRG000051] We will refer the Court in particular to a 6/3/21 note from the Neuromedical Center which states that Ms. Smith "has encephalomalacia related to prior surgeries for a cavernous hemangioma. She is followed by Dr. Gladys for management of her **new symptoms related to thalmic pain syndrome**". [Exhibit #9 Neuromedical 000009]

Regarding her cervical spine, a cervical CT on 4/30/21 showed moderate scoliosis, anterior subluxation at C3-4 and C4-5, with an impression of multilevel degenerative changes without stenosis. [Exhibit #10—BRG 000022] The medical records indicate that Ms. Smith had a cervical MRI although we have not located the report. Nonetheless, the 6/3/21 Neuromedical Center note diagnosed her with "Radiculopathy Cervical Region."

The same 6/3/21 note from the Neuromedical Center states: **"She is a candidate for an ACDF at C4-7 if she fails conservative therapy…The accident she was involved in more probable than not caused and or exacerbated her condition that now requires treatment."** [Exhibit #9--Neuromedical 00009]

7

On 5/13/21 Ms. Smith presented at the Baton Rouge Orthopedic Clinic due to her left hip pain. [Exhibit #11--BROC 000006] She had a left hip abductor repair performed at that facility in 2016. A hip MRI was ordered, and it was noted that she had been having left hip pain off and on for more than a year. A hip MRI was conducted on 5/25/21 and showed no evidence of a recurrent tear and chronic findings. [Exhibit #12--BROC 000011] Due to continuing complaints of pain, she was diagnosed by Dr. Ricardo Rodriguez on 8/5/21 with persistent lateral hip pain and low back pain. [Exhibit #13--Rodriguez 000003]

Ms. Smith underwent a left SI joint injection on 10/7/21 by Dr. Kelly Eaton Boussert for a diagnosis of sacroiliitis. [Exhibit #14—BRH 000009]

On 3/14/22, Ms. Smith was evaluated at the Nashville Hip Institute by Dr. J.W.T. Byrd for her continuing complaints of hip pain. She had a left hip steroid injection and physical therapy was ordered. [Exhibit #15--Byrd 000004-000008] Ms. Smith has continued to pursue extensive physical therapy up to the date of 4/28/22, the date of the last record provided via discovery.

A lumbar MRI on 8/10/21 showed desiccation of the L3-4 disc with mild broad based disc bulge, mild broad based disc bulge at the L4-5 level with no definite nerve root impingements. [Exhibit #16--Rodriguez 000004]

15.

Courts have found the amount in controversy met for purposes of federal subject matter jurisdiction under similar circumstances, even without a surgical recommendation, and even without consideration of the question of whether or not the subject accident has caused any worsening of Ms. Smith's brain abnormalities. "Defendants correctly point out that it is well established in Louisiana law that damage awards for a herniated disc without

surgical intervention may exceed $75,000.00" Thibodeaux v. GEICO Advantage Ins. Co., CV 16-158-JWD-EWD, 2016 WL 4055660, at *5 (M.D. La. July 8, 2016), report and recommendation adopted, CV 16-158-JWD-EWD, 2016 WL 4033981 (M.D. La. July 26, 2016).

Just recently, in Mena v. Chuter 21-CA-726 (La. App. 5 Cir. 08/24/22) the Court held that an award of $50,000 is consistent with quantum for "cervical disc injuries in an automobile accident and underwent conservative treatment."

In Pruitt v. Parsons, 2001 WL 1545703, at *1 (E.D. La. Dec. 3, 2001), the court found the amount in controversy met where the plaintiff alleged contusions and abrasions, and injury to his neck and lower back, and noted that "Defendants refer the Court to a litany of Louisiana cases involving awards for similar injuries in excess of $75,000.00, including cases in which plaintiffs for whom no surgery was recommended were awarded $100,000.00 and $400,000.00." See also Williams v. Perez, 2007 WL 9711090, at *4 (M.D. La. Oct. 23, 2007), report and recommendation adopted, 2007 WL 9711088 (M.D. La. Nov. 8, 2007) (citing cases).

Based on an incomplete set of medical bills received from plaintiff's counsel, Rose Smith's medical bills total $29,124.06 and further treatment has been recommended. Courts have awarded general damages to plaintiffs who had cervical and lumbar injuries, without surgeries, several times the amount of incurred medical expenses. See Collier v. Benedetto, 897 So.2d 775, 780 (La. App. 5th Cir. 2005) (adjusting award of general damages from $50,000.00 to $75,000.00 where plaintiff in automobile accident, who declined surgery, "sustained injuries to his back, neck, knee, thigh and shoulder, a small right disc protrusion at C5–C6, and cervical and lumbar muscle strains" and was awarded

just $5,718.75 in medical expenses); <u>Perez v. State ex rel. Crescent City Connection</u>, Div. of Dep't of Transp. & Dev., 753 So.2d 913, 914–15 (La. App. 4th Cir. 2000) (affirming award of $150,000.00 in general damages where plaintiff was not recommended for, and did not have, surgery for bulging cervical, thoracic, and lumbar strains and bulging discs, as well as post-traumatic headaches, and incurred past medical expenses of just over $27,000.00); <u>Wehbe v. Waguespack</u>, 720 So.2d 1267, 1270–72 (La. App. 5th Cir.1998) (affirming award of "$185,000.00 for general damages for a herniated C3–4 disc without surgery and aggravation of pre-existing degenerative lumbar spine disease without any disc herniation" where plaintiff incurred past medical expenses of $6,590.00).

Therefore, upon information and belief, and without making any stipulation as to the amount of any provable damages, these defendants aver that the "amount in controversy" in Ms. Rose Smith's case is in excess of $75,000.00. We also respectfully request that this Honorable Court exercise its Supplemental Jurisdiction, pursuant to 28 USC 1367(a) over the companion case of Mr. Gordon Smith.

**Venue**

16.

Plaintiffs filed this lawsuit in the 18th Judicial District Court for the Parish of West Baton Rouge. Thus, venue in this District is proper under 28 U.S.C. §1441(a), as it is the "District Court of the United States for the district and division embracing the place" where the original lawsuit is pending.

**Removal of This Matter is Timely**

17.

Insofar as this removal is being accomplished by defendants within 30 days of their receipt of discovery responses from Rose Smith, removal is therefore timely and proper. <u>Henderson v. J.C. Penny Corp., Inc</u>., CIV.A. 12-691-SDD, 2013 WL 4039407, at *3 (M.D. La. Aug. 7, 2013). As noted above, the discovery responses reflect a service date of August 16, 2022 although it is clear from the email that these were sent on August 17, 2022. This removal is being filed within 30 days of both dates.

WHEREFORE, defendants do hereby remove the above captioned case to the United States District Court for the Middle District of Louisiana, Baton Rouge Division.

Respectfully submitted:

**RABALAIS, HEBERT & COUVILLION, LLC**

*s/ Steven B. Rabalais*
**STEVEN B. RABALAIS (#17100) T.A.**
**BLAKE T. COUVILLION (#37443)**
**MELVIN A. EIDEN (#19557)**
701 Robley Drive, Suite 210
Lafayette, LA  70503
Telephone: (337) 981-0309
Fax: (337) 981-0905
Email:  srabalais@rhhnet.com
Email:  blake@rhhnet.com
Email:  meiden@rhhnet.com
**ATTORNEYS FOR DEFENDANTS, SENTRY SELECT INSURANCE COMPANY, DE'ANTHONY C. BLAKE AND STOCKSTILL TRUCKING, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2022, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all other counsel by operation of the Court's electronic filing system.

Lafayette, Louisiana on this 14th day of September 2022.

*s/ Steven B. Rabalais*
**STEVEN B. RABALAIS**
**BLAKE T. COUVILLION**
**MELVIN A. EIDEN**
